*289 HELENE N. WHITE, Circuit Judge.
Fontrise Charles, a former tax preparer, was convicted of making false claims against the Government in violation of 18 U.S.C. §§ 2 & 287 and filing false income-tax returns in violation of 26 U.S.C. § 7206(1), and was sentenced to 60 months’ imprisonment. On appeal, Charles challenges her convictions and sentence, arguing that the district court (1) violated her rights to a jury trial and to due process by sentencing her based on facts established by only a preponderance of the evidence, and (2) erred in admitting evidence under Rule 404(b) that lacked sufficient factual foundation. We AFFIRM.
I
Charles operated a tax-preparation business known as “#1 Tax Lady” in Kalamazoo, Michigan. For the 2009 through 2013 tax years, she filed nearly 1,000 electronic returns on behalf of clients, claiming nearly $4,000,000 in tax refunds. A substantial share of these returns reported inflated incomes; according to the Government, the inflated numbers were intended to obtain the maximum possible earned-income tax credit (EITC) (a refundable tax credit available to low-income workers). A portion of each refund was electronically deposited into a bank account controlled by Charles as a fee for her services.
The Internal Revenue Service (IRS) began investigating Charles after a bank reported a suspicious refund check associated with a return she had filed. The investigation focused on tax returns that were filed from IP addresses associated with Charles where refunds were partly deposited into Charles-controlled bank accounts. That review revealed that 928 of the 967 returns Charles filed for tax years 2009 through 2013 claimed the EITC. Of those 967 returns, 865 included an IRS Schedule C, a form used by self-employed individuals and small-business owners to report earnings. Nearly 40% of the Schedule C returns listed the taxpayer’s occupation as “dancer.” An unknown number of the remaining Schedule C returns listed other cash businesses, such as hair braider or babysitter, that would produce little in the way of income-verifying documentation.
During its investigation, the IRS interviewed a number of Charles’s clients, who provided information supporting Charles’s culpability. According to these clients, Charles asked them for their names, social-security numbers, information about their dependents and, if they had been employed during the tax year, a copy of their IRS Forms W-2.
The IRS investigation also revealed that Charles failed to report income from her tax-preparation business on her personal tax returns for the 2010 and 2011 tax years, and claimed a child as a dependent on her 2010 tax return who was not her own and who was born and died on the same day in 2008.
In March 2015, a grand jury indicted Charles on twenty-five counts of making false claims against the Government, related to twenty-five returns she filed on behalf of ten separate clients. She was also indicted on two counts of filing false tax returns in connection with her personal returns for the 2010 and 2011 tax years.
Before trial, the Government sought to introduce a chart, Exhibit 116a, as 404(b) evidence summarizing information regarding the 967 returns filed by Charles for tax years 2009 through 2013. See Fed. R. Evid. 404(b)(1). The summary information included the percentage of returns (1) claiming the EITC, (2) attaching a Schedule C, and (3) listing the taxpayer’s occupation as “dancer.” The chart also stated that Charles received a total of $748,312 from *290 client refunds (as tax-preparation fees) from the 2009 through 2013 tax years. Charles objected to the admission of the chart as improper evidence of other bad acts because it implied that in addition to the twenty-five allegedly false client returns she was charged with filing, Charles also filed hundreds of other false client returns. Charles argued that the chart lacked sufficient factual foundation showing that these other returns were false. The Government responded that the chart was offered for proper purposes under Rule 404(b)—to show intent, motive, and absence of mistake.
At the final pretrial hearing, the district court explained that it was satisfied with the chart’s factual foundation and held that it was proper 404(b) evidence of intent and absence of mistake:
I’m satisfied that the summary [Exhibit 116a] is based on data from the IRS. Obviously, Counsel can inquire vigorously concerning the matters that she is raising here, but for purposes of the foundation for the exhibit, I think that 116a, which is based on IRS data, would be—-would be and is admissible under 1006 as a summary of the information concerning • those returns for the tax years ’09 through 13 with a deposit to the defendant’s account. The information is relevant at the very least as it relates to the income stream of the defendant for purposes of accounts related to false tax returns of herself, but the Court would also find that it’s appropriate 404(b) evidence for purposes of intent or the absence of mistake which the defendant has clearly indicated may be at issue during the course of trial.
Final Pretrial Hrg. Tr., R. 109, PID 1373,
At trial, the Government presented significant evidence of Charles’s guilt, including by calling each of the ten taxpayers associated with the twenty-five tax returns that formed the bases of Counts 1 through 25. The taxpayers each testified that Charles prepared their returns, that the incomes listed on the returns were false, and that they did not give Charles the false information. For example, Bettina Emory’s 2013 tax return reported $20,571 in earnings from hair braiding. Emory testified that she reported to Charles that she earned between $100 and $500 as a hair braider that year; she never told Charles that she earned the amount reported on her return, and she did not personally file the return.
Nine other clients provided similar testimony. Six testified that their tax returns falsely reported income from dancing. The three others testified that although their returns correctly stated that they earned income from housekeeping, dancing, or providing childcare, the income amounts reported were substantially higher than the true figures, and they had not provided those higher amounts to Charles. One client testified that Charles recommended that she falsely report dancing income in order to claim a larger refund; when the client protested that she might be audited, Charles remarked that a dance club was near the client’s home.
During the testimony of an IRS agent, the Government introduced Exhibit 116a, which presented summary data representing the tax returns Charles had prepared for tax years 2009 through 2013. The district court overruled Charles’s renewed objection to the exhibit. The jury convicted Charles of each count, and the district court sentenced her to 60 months’ imprisonment.
II
A
Charles first challenges the 16-point enhancement she received under the *291 Sentencing Guidelines that resulted from the district court’s $3,211,864.90 loss-amount calculation. See U.S.S.G. § 2Bl.l(b)(l)(I). She argues that her constitutional rights to a jury trial and to due process required that the loss amount be found beyond a reasonable doubt or by clear and convincing evidence, and the district court erred by applying a preponderance standard.
Charles failed to raise her constitutional challenges before or at her sentencing hearing. Accordingly, we review this issue for plain error. Fed. R. Crim. P. 51(b), 52(b). A plain error is an error that is obvious or clear; that affected the defendant’s substantial rights; and that affected the fairness, integrity, or public reputation of the judicial proceeding. United States v. Wallace, 597 F.3d 794, 802 (6th Cir. 2010).
As her only argument on this issue, Charles cites United States v. Staten, 466 F.3d 708 (9th Cir. 2006), for the proposition that due process requires that Guidelines enhancements be supported by clear and convincing evidence, especially for “significant sentencing enhancements.” Appellant’s Br. at 9. As she acknowledges on appeal, however, we have repeatedly held that district courts may find facts supporting a sentencing enhancement by a preponderance of the evidence, unless those facts increase the offense conduct’s mandatory minimum sentence. See, e.g., United States v. Brika, 487 F.3d 450, 462 (6th Cir. 2007) (“[W]e reaffirm our earlier holding that due process does not require sentencing courts to employ a standard higher than preponderance-of-the-evidence, even in cases dealing with large enhancements .... ”); United States v. Gates, 461 F.3d 703, 708 (6th Cir. 2006) (concluding that “judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-Booker does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury”). Accordingly, the district court’s loss calculation needed only to be supported by a preponderance of the evidence.[1]
B
Charles next assigns error to the district court’s decision to admit Exhibit 116a, arguing that the exhibit prejudicially implied, without sufficient foundation, that she filed hundreds of false tax returns beyond the returns charged in Counts 1 through 25. As a general matter, “[ejvidence of a crime, wrong, or other act is not admissible to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.” Fed. R. Evid. 404(b)(1). However, such evidence may be admitted “for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.” Id. at 404(b)(2).
Because any error in admitting Exhibit 116a as Rule 404(b) evidence was harmless, we will assume, arguendo, that the district court erred in admitting the exhibit. See Fed. R. Crim. P. 52(a) (an “error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.”). An error is harmless “unless it is more probable than not that the error materially affected the verdict.” United States v. Clay, 667 F.3d 689, 700 (6th Cir. 2012) (quoting United States v. Childs, 539 F.3d 552, 559 (6th Cir. 2008)). “Stated another way, admission of other-act evidence constitutes harmless error ‘if the record evidence of guilt is overwhelming, eliminating any fair assurance that the *292 conviction was substantially swayed by the error.’ ” Mack, 729 F.3d 594, 603 (6th Cir. 2013) (quoting Clay, 667 F.3d at 700).
Here, even assuming that Exhibit 116a improperly led the jury to believe that Charles had filed not just twenty-five, but hundreds, of false returns, the jury nevertheless heard overwhelming evidence apart from the chart that the returns charged in Counts 1 through 25 were false. Because the evidence was overwhelming, it is highly unlikely that Exhibit 116a affected the jury’s verdict. The evidence included the testimony of the ten taxpayers whose returns formed the basis of the first twenty-five counts. They testified that Charles prepared the returns for them and that the returns did not accurately reflect the income or business-activity information they had provided to Charles. One client testified that Charles suggested that she falsely report income from dancing, mentioning the customer’s proximity to a nearby dance club when the client raised the riik of her[1] return being audited. The jury was presented with evidence that twenty-fhfe returns, filed over a number of years, contained material misstatements that did not originate with the taxpayers. Thus, separate from Exhibit 116a, the jury heard overwhelming evidence that Charles intentionally fíl¿d false client returns. In addition, as to Counts 26 and 27, the Government presented evidence in the form of Charles’s bank accounts and tax returns that she failed to report the tax-preparation fees she received from her #1 Tax Lady business. The Government also presented evidence that on her 2010 tax return Charles claimed another person’s deceased child as a dependent. Based on the overwhelming evidence against her, we are convinced that the admission of Exhibit 116a did not materially affect the jury’s verdict, and any error in its admission was harmless. See Clay, 667 F.3d 689, 700.
Ill
For the foregoing reasons, we AFFIRM the judgment of the district court.

. Charles does not argue on appeal that the district court's loss calculation was unsupported by a preponderance of the evidence, and so we do not address that question.